UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
RICARDO RAIPEN,

                        Plaintiff,                            **ORDER**

          -against-                                 20 Civ. 2763 (VMS)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
------------------------------------------------------------- x

**Vera M. Scanlon, United States Magistrate Judge:**

      For the reasons discussed herein, the Court grants the motion of Plaintiff Ricardo Raipen ("Plaintiff") for judgment on the pleadings and, as such, remands this action to Defendant Commissioner of Social Security ("Defendant") to conduct a new hearing and render a new decision consistent with this Order, and the Court denies Defendant's cross-motion for judgment on the pleadings.

**I.**      **PROCEDURAL BACKGROUND**

      On February 22, 2017, Plaintiff applied to the Social Security Administration (the "Administration") for disability benefits. See ECF No. 12 at 137-38. On April 27, 2017, the Administration denied Plaintiff's claim for disability benefits. See id. at 60-71. On June 16, 2017, Plaintiff requested a hearing before an administrative law judge. See id. at 72-73. On November 27, 2018, Administrative Law Judge Margaret A. Donaghy (the "ALJ") held a hearing. See id. at 28-48. On February 21, 2019, the ALJ issued an unfavorable decision. See id. at 13-27. On April 18, 2019, Plaintiff requested review of the ALJ's decision by the Administration's Appeals Council (the "Council"). See id. at 129-132. On April 20, 2020, the Council found no basis for changing the ALJ's decision and denied Plaintiff's request for review. See id. at 4-9.

1

Plaintiff then commenced this action against Defendant, seeking a declaration of Plaintiff's entitlement to the benefits or, alternatively, remand to Defendant for another hearing, as well as an award of attorneys' fees.[1]  See generally ECF No. 1.  Plaintiff moved for judgment on the pleadings.  See generally ECF Nos. 19 & 20.  Defendant cross-moved for judgment on the pleadings.  See generally ECF No. 22.  Plaintiff replied.  See generally ECF No. 21.

## II.   LEGAL STANDARD

An administrative law judge must follow a five-step process to determine an applicant's entitlement to benefits arising from a claimed disability.  See Schillo v. Kijakazi, 31 F.4th 64, 69-70 (2d Cir. 2022) (citations omitted).  In considering an appeal from such a decision of the Administration, a court must determine, upon a "plenary review of the administrative record," if "substantial evidence, considering the record as a whole, . . . support[s] the Commissioner's decision and if the correct legal standards have been applied."  Estrella v. Berryhill, 925 F.3d 90, 95 (2d Cir. 2019) (citation & quotations omitted).  The "substantial evidence" standard requires such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Tibbles v. Comm'r of Soc. Sec., No. 22 Civ. 1127, 2023 WL 3477127, at *1 (2d Cir. May 16, 2023) (citation & quotations omitted).  Although the "substantial evidence standard is . . . very deferential," such that the Administration's "findings of fact must be upheld unless a reasonable factfinder would have to conclude otherwise," id. (emphasis in original) (citation & quotations omitted), where a court is "unable to fathom the ALJ's rationale in relation to evidence in the record, especially where credibility determinations and inference drawing is required of the

---

[1] Plaintiff has not requested an award of attorneys' fees in his motion papers, and, as such, the Court does not consider whether to grant such award herein.

ALJ," the court "will not hesitate to remand for further findings or a clearer explanation for the decision," Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013) (citation & quotations omitted).

### III. DISCUSSION

The ALJ concluded that Plaintiff

> has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). He can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk for at most 6 hours in an 8 hour work day; and sit for at most 6 hours in an 8 hour work day.

ECF No. 12 at 19. This conclusion has two issues that require a grant of Plaintiff's motion.

First, in rendering its decision as to Plaintiff's residual functional capacity, the ALJ failed to comply with the treating physician rule.

With respect to applications filed before March 27, 2017, the "treating physician rule" applies. See Schillo v. Kijakazi, 31 F.4th 64, 70-71 (2d Cir. 2022) (citations omitted). This rule requires the Administration to give "controlling weight" to "a treating source's medical opinion on the issue(s) of the nature and severity of [the claimant's] impairments," provided that such opinion (1) "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and [(2)] is not inconsistent with the other substantial evidence in [the] case record." Id. at 70-71 (citation & quotations omitted). In first deciding whether a treating physician's opinion is entitled to controlling weight, the administrative law judge must support the decision with "substantial evidence in the record," thereby setting forth "'good reasons'" for the decision. Id. at 75 (citations omitted). Second, if the administrative law judge determines that the treating physician's opinion is not entitled to controlling weight, the administrative law judge must determine the weight to which it is entitled, giving "'good reasons'" for the decision, by "explicitly consider[ing] certain nonexclusive factors . . . : (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the

3

consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." Id. (citations & quotations omitted).  Failure to "<u>explicitly</u> apply" these factors at the second step "is procedural error and subject to harmless error analysis"; the "error is harmless if the ALJ has otherwise provided 'good reasons' for its weight assignment" and has, in substance but not explicitly, applied the factors at step two.  Id. at 75, 79 (emphasis in original) (citations omitted).

Dr. Vikas Varma was one of Plaintiff's treating physicians.  See, e.g., ECF No. 12 at 380-83.  The ALJ recognized Dr. Varma's opinion that Plaintiff

> is restricted to: occasionally lifting 10 to 20 pounds; standing and walking two hours in an eight hour work day; sitting two hours in an eight hour work day; occasionally climbing, bending, balancing, stooping, crouching, kneeling, crawling, feeling and handling, and pushing and pulling; and environmental limitations involving heights, moving machinery, temperature extremes, chemicals, dust, noise, fumes, humidity, and vibration.

Id. at 21 (citation omitted).  Because the ALJ concluded that Dr. Varma's opinion was "not supported by a clinical examination of the claimant or consistent with the record, including the opinions of Drs. Teli and Desrouleaux as noted above," id., the ALJ gave only "some weight to this opinion," id.

The ALJ erred in failing to comply with the treating physician rule at both step one and at step two.  At step one, she effectively declined to give Dr. Varma's opinion controlling weight, but she did not set forth her reasoning as to the substantial evidence that permitted her to so decline.  Rather, she (1) simply mentioned, in a cursory manner and without any citation to the record, that Dr. Varma did not support his conclusions with a clinical examination and (2) conclusorily stated that Dr. Varma's conclusion was inconsistent with the record, specifically identifying the opinions of Dr. Teli and Dr. Desrouleauz, both of which the ALJ reasoned were also "not entirely consistent with the record." Id.  These statements do not explain why Dr.

4

Varma's opinion should have been rejected in favor of two medical opinions that had the same issue of being inconsistent with the record.  At step two, the ALJ did not explicitly consider, as was required, each of the four factors for assessing the weight to give to a treating physician's opinion; this error was not harmless, given the ALJ's failure to sufficiently assess step one and failure to apply each of the "step two" factors in substance.

Second, at the hearing, the ALJ recognized that "the record is not complete" as to Dr. Varma's treatment records, thereby instructing that she would "hold the record open until we receive Dr. Varma's treating records."  Id. at 46-48.  Both parties agree that the ALJ issued her February 21st decision prior to receiving the additional Dr. Varma records, see ECF No. 20 at 18 (citation omitted); ECF No. 22 at 21, and did so less than three months after the hearing, see ECF No. 22 at 21-22 (citation omitted).  The ALJ had "an affirmative duty to develop the administrative record," given the apparent "deficiencies in the record," but failed to do so. Schillo, 31 F.4th at 76 (citations omitted).  This was particularly unfair to Plaintiff, given that the ALJ had initially indicated that the complete records from Dr. Varma were needed.

On remand, the ALJ must reconsider Plaintiff's residual functional capacity, in accordance with the instructions referenced herein.  The ALJ should give particular consideration to the weight to be given the opinions of the treating physicians, as compared to the consulting physicians, in accordance with the treating physician rule, particularly in view of the evidence upon which they relied, and should reconcile the portions of each opinion adopted and rejected.  The ALJ should also consider the propriety of obtaining the testimony of a vocational expert, see ECF No. 20 at 24-25, in view of the ALJ's conclusion as to Plaintiff's residual functional capacity.

5

## IV.     CONCLUSION

For the reasons discussed herein, the Court grants Plaintiff's motion for judgment on the pleadings and, as such, remands this action to Defendant to conduct a new hearing and render a new decision consistent with this Order, and the Court denies Defendant's cross-motion for judgment on the pleadings.

Dated:  Brooklyn, New York
        September 21, 2023

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge